IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-03429-CMA

BRENDA R. NURRE,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the Court on the Motion for Remand (Doc. # 21) Filed by Defendant, the Commissioner of Social Security ("Defendant" or "Commissioner"). The Court grants the motion, vacates Defendant's decision, and remands the case for an award of benefits to Plaintiff.

**I.  INTRODUCTION**

This is an appeal of an administrative law judge's ("ALJ") decision denying Plaintiff's application for Social Security disability benefits. Both parties agree that the ALJ's order was deficient, that the order should be reversed, and that the case must be remanded. They disagree, however, as to what should happen on remand. Plaintiff argues that she should receive an immediate award of disability benefits; Defendant argues that the ALJ should hold further administrative proceedings. For the following reasons, the Court agrees with Plaintiff.

1

## II.     BACKGROUND

Plaintiff filed her claim for Social Security disability benefits in September 2009. (AR[1] 100). Plaintiff, then thirty-two years old, claimed to have multiple physical and mental impairments that prevented her from working, including a shoulder injury, a knee injury, and back pain, as well as "major depression; anxiety disorder; [and] premenstrual dysphoric disorder." (AR 15). When her claim was denied, Plaintiff requested a hearing to challenge the denial of benefits. (AR 13).

The hearing was held in July 2011. (AR 13). The ALJ heard testimony and reviewed evidence, and at the end of the hearing, the ALJ concluded that Plaintiff "was not under a disability, as defined in the Social Security Act." (AR 23). The ALJ denied Plaintiff's disability claim in a written decision. (AR 23). Plaintiff requested review of the ALJ's decision by the Social Security Administration Appeals Council, and when the Appeals Council denied her request for review, the ALJ's decision became the final decision of the Commissioner on Plaintiff's request for disability benefits. (AR 1).

Plaintiff appealed the decision to this Court. (*Nurre v. Colvin*, 12-CV-03060-PAB, 2014 WL 1292878 (D. Colo. Mar. 31, 2014) (*"Nurre I"*). Plaintiff argued, among other things, that the ALJ had failed to properly consider the fact that the Department of Veterans Affairs ("VA") had found Plaintiff to be "unemployable" as a result of her alleged disabilities.[2] *Nurre I*, at *5. The presiding judge, Judge Brimmer, agreed. Judge

---

[1] "AR" refers to the administrative record, which appears at Doc. # 12 in the docket.
[2] The VA made this determination when Plaintiff, who had served briefly in the military, applied for disability benefits from the VA. (AR 147). Though Plaintiff was awarded disability benefits by

2

Brimmer held that "the ALJ was required to consider the substantive import of the VA's determination of plaintiff's disability," but had failed to do so. *Id*., at *11. Therefore, Judge Brimmer reversed the ALJ's decision and remanded the case for a new hearing, directing the ALJ to consider the VA's determination of disability. *Id*., at *11-12.

The case proceeded to a second hearing, where an ALJ again found that Plaintiff was not disabled. *Nurre v. Colvin*, 16-cv-01262-RBJ, 2017 WL 2333098 (D. Colo. May 30, 2017) (*"Nurre II"*), at *3. Plaintiff again appealed the decision to this Court, and this Court again reversed and remanded for a new hearing. *Id*. Judge Jackson, presiding over Plaintiff's second appeal, found that the ALJ had failed to adequately explain its reasons for denying Plaintiff's application. *Id*., at *5-8. Specifically, the ALJ gave more weight to the opinions of some of Plaintiff's treating doctors than to the opinions of others, without providing an adequate justification for doing so. *Id*. Therefore, Judge Jackson remanded Plaintiff's case for a third hearing. *Id*.

Plaintiff's third hearing took place on September 6, 2018. (AR 2492). At the conclusion of the hearing, the presiding ALJ again concluded that Plaintiff was not disabled. (Doc. # 1). Plaintiff now appeals the result of the third hearing. She argues that the ALJ's decision again fails to explain why the ALJ gave little weight to the opinions some of Plaintiff's treating providers. (Doc. # 17, p. 4). She also argues that the ALJ again failed to properly consider the VA's disability determination before denying her request for benefits. (Doc. # 17, p. 4).

---

the VA, the parties apparently agree that the VA benefits do not limit Plaintiff's ability to obtain additional benefits from the Social Security Administration.

Rather than responding to Plaintiff's appeal, Defendant, the Commissioner of Social Security, filed this Motion for Remand. (Doc. # 21). Defendant concedes that the ALJ's ruling failed to provide "adequate, well-supported reasons" for rejecting Plaintiff's disability claim, (Doc. # 21, p. 1), but Defendant argues that the ALJ should be given an opportunity to "[r]eevaluate the opinion evidence of record . . . and issue a new decision" (Doc. # 21, p. 4). Plaintiff, on the other hand, argues that the case should be remanded, not for a new hearing, but for an immediate award of benefits. (Doc. # 17, p. 20).

Because the parties agree that the ALJ's decision should be reversed and the case should be remanded, the sole issue for this Court to decide is whether to remand for additional proceedings or for an award of benefits.

### III.    LEGAL STANDARD

"When a decision of the [Commissioner] is reversed on appeal, it is within th[e] court's discretion to remand either for further administrative proceedings or for an immediate award of benefits."[3] *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). The court should remand for further proceedings when the record is incomplete, such that additional factfinding is necessary. *Dollar v. Bowen*, 821 F. 2d 530, 534 (10th Cir. 1987). Conversely, "when additional fact finding would serve no useful purpose,"

---

[3] *Ragland* actually refers to a decision of the "Secretary," i.e., the Secretary of Health and Human services. In 1995, however, congress transferred this decision-making function to the Commissioner of Social Security. *See* Social Security Independence and Program Improvements Act of 1994, P.L. 103–296 s 106(d), 108 Stat. 1464, 1476 (1994) (effective March 31, 1995). *Ragland* nevertheless remains good law, so the Court has simply replaced "Secretary" with "Commissioner" for the sake of clarity.

4

further proceedings are not necessary, "and remand for immediate award of benefits is appropriate." *Id*. In any event, the court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence." *Russ v. Colvin*, 67 F. Supp. 3d 1274, 1277 (D. Colo. 2014).

## IV.    ANALYSIS

Having reviewed the record of the underlying proceedings, as well as the two prior appeals, the Court finds that the record is well developed, that the record supports Plaintiff's claim for disability benefits, and that additional factfinding would serve no useful purpose. Therefore, the Court will remand the case for an award of benefits.

This case has already been through three administrative hearings and two appeals. The administrative record now consists of more than 3400 pages, including medical records, testimony, and analysis. (Doc. # 12). The factual record has been developed, supplemented, analyzed, and re-analyzed, and it contains all the information necessary to determine whether Plaintiff is entitled to disability benefits. Therefore, additional factfinding would serve no useful purpose, and additional proceedings are not necessary.

The factual record supports Plaintiff's claim for disability benefits. Plaintiff bore the initial burden of establishing that she is "disabled" under the Social Security Act – i.e., that she suffers from a physical or mental impairment that prevents her from

performing work she has previously performed. 20 C.F.R. § 404.1520. The ALJ's order reflects that Plaintiff met this burden.

The ALJ concluded that Plaintiff had numerous "severe impairments," including "degenerative disc disease, migraine headaches, recurrent arrhythmias, right knee degenerative joint disease, right shoulder impingement, hearing loss, depressive disorder, and anxiety disorder." (AR 2494). The ALJ also concluded that these impairments "significantly limit the [Plaintiff's] ability to perform basic work activities," (AR 2495), and that Plaintiff "is unable to perform past relevant work." In other words, the ALJ found that Plaintiff had physical and mental impairments which prevented her from performing work she previously performed. 20 C.F.R. § 404.1520(e), (f). Thus, the ALJ's order reflects that Plaintiff met her burden of proving disability.

Once Plaintiff met her initial burden, the ALJ was required to do one of two things: (1) award benefits; or (2) demonstrate that, despite her disability, Plaintiff "retains the capacity" to work and is therefore not entitled to disability benefits. *Frey*, 816 F. 2d at 512 (internal quotations omitted).[4] The ALJ failed to do either of these things.

---

[4] Confusingly, courts sometimes describe this as the Commissioner's responsibility, not the ALJ's. *See, e.g. Williams v. Bowen*, 844 F. 2d 748, 751 (10th Cir. 1988). This confusion arises from the way the Social Security Administration ("SSA") conducts administrative hearings: SSA hearings are non-adversarial proceedings in which the ALJ makes findings and conclusions on behalf of the Commissioner. *Dixon v. Heckler*, 811 F.2d 506, 510 (10th Cir. 1987). As a result, courts often use the terms "ALJ" and "Commissioner" interchangeably. *See, e.g. Grogan v. Barnhart*, 399 F. 3d 1257, 1265-66 (10th Cir. 2005) ("the Commissioner committed reversible error . . . . because the ALJ failed to address the medical evidence . . . .") *and Langley v. Barnhart*, 373 F. 2d 1116, 1123-24 (10th Cir. 2004) ("the ALJ did not follow the correct legal standards[.] Because the Commissioner did not apply the correct legal standards . . . we must remand[.]"). For purposes of clarity, this Court uses the term "ALJ" to describe the person who made findings during the administrative proceedings.

Though the ALJ concluded that Plaintiff is "not under a disability," the parties agree that the ALJ "did not provide adequate, well-supported reasons" for this decision, as she was required to do. *See Grogan v. Barnhart*, 399 F. 3d 1257, 1265-66 (10th Cir. 2005) (the ALJ must support her decision with substantial evidence). This is the same error which led to two prior remands in this case. *See Nurre I*, at *11 *and Nurre II*, at *5. Although this Court has given Defendant two opportunities to correct this error, Defendant has failed to do so. The Court finds no reason to believe that additional proceedings would cure the error that Defendants has failed to address in two prior remands. Where "there is nothing to be gained by remand for further hearing[,] further administrative proceedings would only prolong an already too lengthy process and delay the long-overdue receipt of benefits." *Frey*, 816 F. 2d at 518. Therefore, the Court concludes that additional proceedings are not necessary on remand.

Finally, the Court finds it significant that Plaintiff's application for benefits has been pending since 2009. In cases where the SSA's error has caused a long delay in the resolution of a petitioner's disability claim, the court may take that delay into consideration as it decides whether to remand for an award of benefits. *Ragland*, 992 F. 2d at 1060. Given that more than a decade has passed since Plaintiff first applied for disability benefits, the Court finds that further proceedings would be inappropriate and unfairly prejudicial to Plaintiff.

Defendant argues, however, that the Court cannot reach this conclusion without "impermissibly re-weigh[ing] the evidence." (Doc. # 21, p. 2). This argument is simply not correct. The ALJ's decision confirms Plaintiff's disability, and Defendant concedes

7

that the ALJ's denial of benefits was not properly justified. Thus, the Court need not reweigh any evidence to conclude that Plaintiff is entitled to an award of benefits.

## V.   CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Remand (Doc. # 21) is GRANTED IN PART and DENIED IN PART. The Commissioner's decision is REVERSED, and the case is REMANDED to the Commissioner for an immediate award of benefits to Plaintiff.

DATED: March 18, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge